IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYSEAN BARBER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BEN LAMPMAN, and OTHER UNKOWN INDIVIDUALS,<br><br>　　　　　　Defendants. | 8:24CV99<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court on Plaintiff's Motion to Amend Complaint, Filing No. 8, and Motion to Proceed In Forma Pauperis ("IFP Motion"), Filing No. 2.  Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.  The Court also finds that the Motion to Amend the Complaint should be granted and Plaintiff's Proposed Amended Complaint, Filing No. 8 at 2-17, shall be the operative pleading in this case.¹  The Court is also required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

　　　Plaintiff filed his Complaint alleging violations of 42 U.S.C. §§ 1985 and 1986. Filing No. 8 at 2.  In general, Plaintiff alleges that Defendant Ben Lampman rented a home to Plaintiff and then Defendant and others used the home to cause Plaintiff physical and mental injury.  Filing No. 8 at 8.  Plaintiff alleges Defendants attempted to entice Plaintiff into committing unlawful acts by controlling Plaintiff's body and mind.  Filing No. 8 at 8.

---

¹ Plaintiff's Motion to Amend includes two versions of the Proposed Amended Complaint.  *Compare* Filing No. 8 at 2-10 *with* Filing No. 8 at 11-17.  Though the spacing is somewhat different, the Proposed Amended Complaint at Filing No. 8 at 11-17 is signed and appears to be identical in substance to the Proposed Amended Complaint at Filing No. 8 at 2-10.  The Court, thus, considers both versions together as the operative pleading.

Defendants covered up their actions by causing Plaintiff to appear psychotic and by altering Plaintiff's mental state to prevent him from fighting back. Filing No. 8 at 8.

At all times relevant to this action, Plaintiff was a resident of Omaha, Nebraska. Filing No. 8 at 3. After being released from prison, Plaintiff worked to reach his goals of working in a law office, and of saving $5,000.00 to move out of his transitional residence and into his own apartment. Filing No. 8 at 3-4. Plaintiff reached his first goal when he was hired as a paralegal/legal assistant at the Banwo and Igbokwe Law Firm (the "Law Firm"). Filing No. 8 at 3. Shortly after being hired at the Law Firm, Plaintiff reached his savings goal and moved to his own apartment in Omaha, where he rented the first floor of a two-level duplex. Filing No. 8 at 4.

As soon as Plaintiff signed the lease, he heard Defendant Lampman state "we got him." Filing No. 8 at 5. As soon as Plaintiff heard Defendant make this statement, Plaintiff felt a "strong prickling sensation" in his left ear as he entered the apartment. Filing No. 8 at 5. After moving his furniture into the apartment, Plaintiff began to hear individuals' voices discussing Plaintiff's movements and actions. Filing No. 8 at 5. For example, the voices commented on how Plaintiff read or, as Plaintiff watched television, the individuals' voices discussed what Plaintiff watched and how Plaintiff reacted to what he watched. Filing No. 8 at 5.

At some point after hearing the voices, Plaintiff began to respond. The first time he responded, Plaintiff heard two women discussing Plaintiff's need to read his paralegal studies homework aloud to himself. Filing No. 8 at 5. Plaintiff responded to the voices, saying "who cares what you think, you are just going to leave like the rest of my so-called friends." Filing No. 8 at 5. The women seemed shocked that Plaintiff could hear them.

Filing No. 8 at 6. The voices reacted with the same shock every time Plaintiff responded to them. Filing No. 8 at 6. Plaintiff felt these experiences were too bizarre to report to police. Filing No. 8 at 6.

Plaintiff also began to experience break-ins to the apartment. Filing No. 8 at 6. Plaintiff would return from work and would notice that something in the apartment was out of place or that something was stolen. Filing No. 8 at 6. Plaintiff reported these incidents to police, and police began suggesting that Plaintiff may be mentally ill. Filing No. 8 at 6.

Later, Plaintiff experienced a serious ear infection. Filing No. 8 at 6. The ear infection caused Plaintiff to "hear people talking in a very loud and clear manner." Filing No. 8 at 7. Plaintiff also experienced stress because sirens from fire trucks and official vehicles was very loud. Filing No. 8 at 7.

Plaintiff alleges that Defendant Lampman attempted to trap Plaintiff "into child endangerment." Filing No. 8 at 7. One night, while experiencing the effects of the ear infection, Plaintiff heard a young girl ask Defendant Lampman if Plaintiff was going to hurt her. Filing No. 8 at 7. Lampman responded that Plaintiff was not going to hurt the girl but instructed the girl to go downstairs to Plaintiff's apartment. Filing No. 8 at 7. Plaintiff responded by asking loudly what they were doing and Defendant Lampman responded, "Good job!" Filing No. 8 at 7. Plaintiff assumed that Defendant Lampman was using the incident as some kind of test. Filing No. 8 at 7.

Plaintiff also alleges that unidentified individuals accessed his computer and would randomly delete his homework assignments and erase other data. Filing No. 8 at 7. The individuals also caused Plaintiff's limbs to go numb. Filing No. 8 at 8. As a result of the Defendants' actions, Plaintiff lost his job at the Law Firm and was forced to rely on

government benefits. Filing No. 8 at 8. Plaintiff worked hard as a prisoner to become proficient in legal work and become a paralegal but has since been unable to find another job at a law firm. Filing No. 8 at 9.

Plaintiff seeks an injunction preventing Defendant Lampman and others from controlling Plaintiff's mind and body. Filing No. 8 at 9. Plaintiff also seeks $2.5 trillion in damages. Filing No. 8 at 10.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted) see also Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."). A complaint must state enough to "'give the defendant fair notice of

5

what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief. Plaintiff cites 42 U.S.C. §§ 1985 and 1986 as his bases for relief. To show a conspiracy under § 1985, a plaintiff must show that the defendants conspired "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws." *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 684 (8th Cir. 2012) (quoting *Larson ex rel. Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (en banc)). The "purpose" element requires "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005) (alteration in original) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68, (1993)).

Plaintiff's allegations fail to allege the existence of the necessary class-based "invidiously discriminatory animus" required by § 1985. *See Larson*, 76 F.3d at 1454 (discussing 42 U.S.C. § 1985). Plaintiff's allegations likewise fail to allege any facts indicating who the other defendants are, much less that the other defendants had actual knowledge of a § 1985 conspiracy. *See Brandon v. Lotter*, 157 F.3d 537, 539 (8th Cir. 1998) (to maintain 42 U.S.C. § 1986 action, defendant must have actual knowledge of § 1985 conspiracy). Thus, even construed liberally, Plaintiff fails to state a claim under 42 U.S.C. §§ 1985 or 1986.

Plaintiff also alludes to claims of harassment, stalking, and "defamation by slander." Filing No. 8 at 8. Each of these claims would arise under state law. Because

Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. §§ 1985 or 1986, the Court need not discuss whether a plausible claim for relief is stated under Nebraska law. Without a viable federal question to decide, the Court will not exercise its supplemental jurisdiction in this case. See 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state law claims). Usually, the dismissal of the federal claims "will point toward declining to exercise jurisdiction over the remaining state-law claims," Wilson v. Miller, 821 F.3d 963, 971 (8th Cir. 2016) (internal quotation marks and citation omitted), and the Court finds no reason to make an exception here.

The Court has also determined this action should be dismissed on initial review because Plaintiff's allegations lack a factual or legal basis. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact") (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Plaintiff will not be granted further leave to file an Amended Complaint because any such amendment would be futile. See Reuter v. Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

## IV. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal because it fails to state a claim upon which relief may be granted and is frivolous.

7

Accordingly,

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Proceed In Forma Pauperis, Filing No. 2, is granted, and the Amended Complaint shall be filed without payment of fees.

2. Plaintiff's Motion to Amend Complaint, Filing No. 8, is granted and the Plaintiff's Proposed Amended Complaint, Filing No. 8 at 2-17, shall be the operative pleading in this case.

3. Plaintiff's Amended Complaint, Filing No. 8 at 2-17, is dismissed without prejudice.

4. Judgment shall be entered by separate document.

Dated this 7th day of November, 2024.

> BY THE COURT:
>
> */s/ Joseph F. Bataillon*
>
> Joseph F. Bataillon
> Senior United States District Judge